**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

GLENN RICKY BLAND,         )
                                   )
ADC # 140739               )    **Case No. 5:11-CV-00286 JLH-JTK**
    Petitioner,            )
v.                         )
                                   )
RAY HOBBS, Director,       )
Arkansas Department of Correction   )
    Respondent.

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Chief Judge J. Leon Holmes.   Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Glenn Ricky Bland on November 3, 2011 (Doc. No. 1).  A response was filed by Respondent Ray Hobbs on November 30, 2011 (Doc. No. 5).  Petitioner filed a reply on December 21, 2011 (Doc. No. 7). After reviewing the parties' briefing and the available evidence, the Court finds that Petitioner's claims should be DISMISSED.

## Background

Petitioner was arrested on December 9, 2004, and he remained in jail for nine months until he was released pursuant to Arkansas Rule of Criminal Procedure 28.1(a) on September 9, 2005 (Pet. 2, Doc. No. 1).  Petitioner's trial was originally scheduled for November 7, 2005, but it was continued for fifty-six days after he requested a continuance. *Id.*  He subsequently failed to appear for the trial and he was "absent" for the following 327 days. *Id.*  Petitioner was

returned to Arkansas custody on September 30, 2006, and an attorney from the public defender's office agreed to exclude the time between December 4, 2006, and February 20, 2007, from any speedy trial calculations. *Id.* On January 18, 2007, Petitioner filed a motion to dismiss based on violations of Arkansas's speedy trial rules, but this motion was denied. *Id.* After retaining new counsel, Petitioner pled guilty to rape and burglary on January 7, 2008.[1]

After Petitioner's guilty plea was accepted and he was sentenced, counsel stated that Petitioner was reserving his right to appeal the speedy trial issue, and the court indicated that this was acceptable. Petitioner's subsequent appeal was denied by the Arkansas Court of Appeals on June 3, 2009, because speedy trial violations were not grounds for appeal from a guilty plea at that time.[2]

### Discussion

Petitioner requests relief pursuant to 28 U.S.C. § 2254, arguing that he received ineffective assistance of counsel. He alleges that his trial counsel's erroneous advice regarding Petitioner's ability to reserve his right to appeal caused him to plead guilty. Respondent contends that Petitioner's claim is time barred and procedurally defaulted.

Section 2244 requires state habeas petitioners to file their petitions within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The relevant starting date occurred on January 7, 2008, the date the judgment and commitment order was

---

[1] It is unclear what happened during these gaps or why these gaps occurred because Respondent has failed to provide the materials required by Rule 5(d) of the Rules Governing Section 2254 Cases. However, this deficiency is harmless because the merits of Petitioner's claims may not be reached.

[2] Although this would have been an acceptable reservation of his right to appeal under Arkansas law as of June 1, 2009, Arkansas Rule of Criminal Procedure 24.3(b) did not provide for any speedy trial exception at that time to Arkansas Rule of Appellate Procedure—Criminal 1(a), which precludes defendants from seeking any direct appeals if they plead guilty.

entered, because Petitioner's guilty plea precluded him from seeking any direct appeal under Arkansas law. *See* Ark. R. App. Proc.—Crim. 1(a). Thus, he was required to file his petition for federal habeas corpus by January 7, 2009.[3] It was not filed until November 3, 2011.

Petitioner argues that he is entitled to one of the statutory exceptions to the limitations period because he did not discover his counsel's errors until his appeal was dismissed by the Arkansas Court of Appeals on June 3, 2009. *See* 28 U.S.C. § 2244(d)(1) D) (explaining that the limitations period shall begin to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"). However, there is no need to address this argument because his petition would still be untimely if June 3, 2009, was used as the relevant starting date.

There is also no reason to believe that equitable tolling would be appropriate. *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) ("Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."). Petitioner brought the current action nearly three years after the limitations period had expired, and he has failed to provide any reasons why the Court would be able to consider his claims.[4] Accordingly, the Court finds that the Petitioner's claim is time barred.

Petitioner's claim is also procedurally barred because he failed to present it to the state courts. A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v.*

---

[3] The Court need not address whether his appeal was a collateral attack that tolled the limitations period because it would not change the timeliness of his federal petition. In any event, it does not appear that the appeal was properly filed. *See* 28 U.S.C. § 2244(d)(2).

[4] Petitioner's reply does recite the law regarding equitable tolling, but he never explains how or why those principles apply to him. Pet.'s Reply 2-4, Doc. No. 7.

*Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)).  "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause and prejudice or actual innocence." *Id.* (internal citations omitted).  "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.,* whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).  To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845.  "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848).

Petitioner could have presented his ineffective assistance of counsel claim to the Arkansas courts in a petition for postconviction relief pursuant to pursuant to Ark. R. Crim. P. 37.1.  However, he did not and the time for doing so has expired.  Thus, his procedural default bars federal consideration of his claim unless he can 1) show cause for the defaults and actual prejudice as a result of the alleged constitutional violations or 2) demonstrate that failure to consider these claims will result in a fundamental miscarriage of justice. *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011).  Petitioner's only argument regarding his procedural default is a bare assertion that his ineffective trial counsel should bear the burden of his errors. Pet.'s Reply 6.  This is plainly insufficient, and it does nothing to explain why no Rule 37 petition was filed.[5]  Accordingly, Petitioner's claim is procedurally barred from federal consideration.

---

[5] The Supreme Court recently created a narrow exception to the procedural default bar regarding ineffective assistance of counsel claims, but the Court believes that Petitioner's failure to file a state

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) be, and it is hereby, dismissed, with prejudice. The relief prayed for is DENIED.

The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 12th day of June, 2012.

_____
United States Magistrate Judge

---

postconviction petition prevents him from availing himself of this exception. *See Martinez v. Ryan*, 132 S. Ct. 1309 (2012) (holding that inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial).